# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
MAY 2024
03263
E-Filing Number: 2405059594

| | |
|---|---|
| PLAINTIFF'S NAME<br>ROBERT BRAND | DEFENDANT'S NAME<br>WALMART INC. |
| PLAINTIFF'S ADDRESS<br>5 IVES DRIVE<br>MALONE NY 12953 | DEFENDANT'S ADDRESS<br>1625 HEILMANDALE ROAD<br>LEBANON PA 17046 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| | | |
|---|---|---|
| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>1 | COMMENCEMENT OF ACTION<br>☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
- ☐ $50,000.00 or less
- ☒ More than $50,000.00

COURT PROGRAMS
- ☐ Arbitration
- ☐ Jury
- ☒ Non-Jury
- ☐ Other: ______
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAY 28 2024
C. SMITH

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ROBERT BRAND

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BRAD S. RUSH | ADDRESS<br>123 SOUTH BROAD STREET<br>SUITE 2250<br>PHILADELPHIA PA 19109 |
| PHONE NUMBER<br>(215)735-5476<br>FAX NUMBER<br>(215)735-9057 | |
| SUPREME COURT IDENTIFICATION NO.<br>72896 | E-MAIL ADDRESS<br>brad@kovlerrush.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*BRAD RUSH* | DATE SUBMITTED<br>Tuesday, May 28, 2024, 11:52 am |

FINAL COPY (Approved by the Prothonotary Clerk)

ASSESSMENT OF DAMAGES IS REQUIRED
THIS IS A MAJOR NON-JURY MATTER

Filed and Attested by the Office of Judicial Records 28 MAY 2024 11:52 am SMITH

KOVLER & RUSH, P.C.
BY: BRAD S. RUSH, ESQUIRE
IDENTIFICATION NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

Attorney for Plaintiff(s)

| | | |
|---|---|---|
| ROBERT BRAND<br>5 Ives Drive<br>Malone, NY 12953 | : | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY<br>CIVIL ACTION – LAW |
| v. | : | |
| WALMART INC.<br>1625 Heilmandale Rd<br>Lebanon, PA 17046 | : | |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market Street
Philadelphia, PA 19107
215-238-6333
TTY 215-451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market Street
Philadelphia, PA 19107
215-238-6333
TTY 215-451-6197

**ASSESSMENT OF DAMAGES IS REQUIRED.**
**THIS IS A MAJOR NON-JURY MATTER.**

**KOVLER & RUSH, P.C.**
**BY: BRAD S. RUSH, ESQUIRE**
**IDENTIFICATION NO.: 72896**
**123 South Broad Street, Suite 2250**
**Philadelphia, Pennsylvania 19109**
**(215)735-5476**

**Attorney for Plaintiff(s)**

| | |
|---|---|
| **ROBERT BRAND**<br>**5 Ives Drive**<br>**Malone, NY 12953** | : **COURT OF COMMON PLEAS OF**<br>: **PHILADELPHIA COUNTY**<br>: **CIVIL ACTION – LAW** |
| **v.** | : |
| **WALMART INC.**<br>**1625 Heilmandale Rd**<br>**Lebanon, PA 17046** | : |

**CIVIL ACTION COMPLAINT**
**2O - Other Personal Injury**

**COUNT I**
**ROBERT BRAND V. WALMART, INC.**
**(Bodily Injury)**

1. Plaintiff, Robert Brand, is an adult individual residing at the above-captioned address.

2. Defendant, Walmart, Inc., is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, doing business in the City and County of Philadelphia, with a place of business located at the above captioned address.

3. At all times relevant hereto, defendant, Walmart, Inc., acted by and through its duly authorized agents, servants, employees and/or workmen who were acting within the course, scope and authority of their employment with the defendant.

4. At all times relevant hereto, defendant, Walmart, Inc., owned, controlled, managed and maintained the premises, a distribution center, located at 1625 Heilmandale Rd, Lebanon, PA 17046, (hereinafter referred to as "premises".)

5. At all times relevant hereto, the defendant, Walmart, Inc., was under the legal obligation to exercise ordinary and reasonable care in making the premises safe for the protection of the public and business invitees.

6. At all times hereto, the plaintiff, Robert Brand, was a business invitee lawfully upon defendant's aforementioned department store.

7. On or about September 1, 2022, at approximately 10:45am, the plaintiff was caused to sustain serious personal injuries (as set forth hereinafter) when the Plaintiff was caused to trip and fall over an improperly placed cement barrier, a dangerous condition which the defendant knew or should have known existing on the premises improperly.

8. Solely as a result of the defendant's carelessness, negligence and recklessness, plaintiff has suffered serious injuries as set forth hereinafter.

9. On the aforesaid date and for a long period of time prior thereto, defendant's premises, was so negligently and carelessly possessed, constructed, controlled and maintained by the defendant that the concrete barrier was permitted and/or allowed by the defendant to become and remain in a highly defective condition in that it was not reasonably safe for use by business invitees, including the plaintiff, and said barrier caused a tripping hazard as it blocked a path between parking spaces.

10. As a direct and proximate result of the aforesaid accident, the plaintiff, Robert Brand, suffered severe and permanent personal injuries, including but not limited to: subungual hematoma of the proximal half of left great toenail, displaced fracture involving lateral aspect of patella; all of which are serious and/or permanent in nature and caused her great pain and suffering and which may and probably will continue to cause her great pain and suffering in the future.

11. As a further direct and proximate result of the aforesaid accident, the plaintiff has incurred various medical and other expenses all to his great detriment and loss.

12. As a further direct and proximate result of the aforesaid accident, the plaintiff was unable to attend to his usual daily duties and occupations, and continues to suffer same and may for an indefinite time in the future, much to his great detriment and loss.

13. As a further direct and proximate result of the aforesaid accident, the plaintiff suffered severe shock to her nervous system, physical pain, mental anguish, humiliation, emotional upset, anxiety, depression, all of which may continue for an indefinite time in the future.

14. Defendant and/or its employees and/or agents, jointly and/or individually, owed a duty of care to the plaintiff.

15. The aforesaid accident was solely caused by the negligence of the defendant, Walmart, Inc., its agents and/or employees which consisted inter alia of:

a. failing to adequately and safely maintain the area, parking lot of distribution center, which caused the plaintiff to be injured;

b. permitting the aforementioned distribution center to remain in such disrepair as to create a hazardous condition to business invitees;

c. failing to warn persons traversing thereon, including the plaintiff;

d. failing to use due care under the circumstances then known or which should have been known to them;

e. failing to inspect the aforementioned area, for its defective/unsafe condition;

f. failing to repair the defective condition, specifically the parking lot of the distribution center;

g. failing to properly design or construct the aforementioned distribution center and the concrete parking barrier;

h. violating the applicable state and local laws, ordinances and regulations;

i. any and all acts of negligence which may be discovered pursuant to the Pennsylvania Rules of Civil Procedure.

16. As a direct and proximate result of the aforesaid acts, omissions and other negligence of defendant, the plaintiff suffered injuries and damages as aforesaid.

17. Said accident and the plaintiff's injuries and damages would not have occurred in the absence of the negligence of the defendant.

**WHEREFORE**, plaintiff, Robert Brand, demands judgment against defendant, Walmart, Inc., in an amount in excess of FIFTY-THOUSAND ($50,000.00) DOLLARS.

**KOVLER & RUSH, P.C.**

***Brad S. Rush***

**Date: 5/28/24** **BY:** ______________________

**BRAD S. RUSH, ESQUIRE**
**Attorney for Plaintiff(s)**

## VERIFICATION

The undersigned, being duly sworn according to law, deposes and says that he is counsel for the party or parties indicated on the preceding pages as being represented by said counsel, that he has examined the pleading and the entire investigative file made on behalf of said party or parties, that he is taking this verification to assure compliance with the pertinent rules pertaining to timely filing of pleading and other documents described by said rules; and the facts set forth in the foregoing documents are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4940 relating to unsworn falsification to authorities.

**KOVLER & RUSH, P.C.**

**Date: 5/28/24**

**BY:** ***Brad S. Rush***

**BRAD S. RUSH, ESQUIRE**
**Attorney for Plaintiff(s)**